UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOBBY GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:08-00306 |
| ) | Judge Bryant |
| TENNESSEE DEPARTMENT OF ) | |
| HUMAN SERVICES, ET AL., ) | |
| ) | |
| Defendants. ) | |

**To:** The Honorable Robert L. Echols, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons explained below, the undersigned **RECOMMENDS** that this action be dismissed for frivolity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). The undersigned further **RECOMMENDS** that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. INTRODUCTION AND BACKGROUND

The plaintiff, apparently homeless, resides in Nashville, Tennessee. He brings this action under Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and unspecified chapters/sections of Title 42 of the United States Code. The plaintiff names the following defendants to this action: 1) the Tennessee Department of Human Services (TDHS); 2) Gina Lodge, TDHS Commissioner; 3) the Tennessee Department of Labor & Workforce Development (TDLWD); 4) James Neely, TDLWD Commissioner; 5) the U.S. Department of Agriculture, Food and Nutrition Service (FNS); 6) the Tennessee Department of Agriculture (TDA); and 7) an unspecified number of unnamed and unidentified defendants characterized as "et[] al." The plaintiff

seeks injunctive and declaratory relief, as well as money damages.

The plaintiff, a frequent litigator in this district,[1] characterizes himself as a "poor, disabled" person. (Docket Entry No. 1, ¶ 4, p. 2 cont.) The crux of the plaintiff's complaint is that the defendants have denied him access to federally-funded programs, *i.e.*, food coupons and paid educational/vocational training. (Docket Entry No. 1, ¶ 4, p. 2 cont.) The plaintiff also alleges that he was evicted from low-rent housing administered by the Metro-Davidson County Housing Authority as a collateral consequence of the defendants' actions. (Docket Entry No. 3, p. 2)

## II. ANALYSIS

*Pro se* complaints are to be construed liberally by the court. S*ee Boag v. McDougall*, 454 U.S. 364, 365 (1982). However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) and (B)(ii). A complaint is frivolous and warrants dismissal when the claim "lacks an arguable basis in law or fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are fantastic or delusional, or if it is based on legal theories that are indisputably meritless. *Id.* at 327-

---

[1] The plaintiff has filed the following actions in this district in addition to the present case: *Green v. Metro Government, et al.*, No. 3:08mc00007 (M.D. Tenn. (pending))(Haynes, J.); *Green v. Haynes, et al.*, No. 3:07-00742 (M.D. Tenn. Jul. 13, 2007)(Echols, J.); *Green v. Metro Police Dept., et al.*, No. 3:06-00446 (M.D. Tenn. (Pending))(Echols, J.); *Green v. McDonald's Corp, et al.*, No. 3:05-00011 (M.D. Tenn. Jan. 5, 2005)(Campbell, J.); *Green v. Doral Dental U.S.A., et al.*, No. 3:05-00380 (M.D. Tenn. May 16, 2003)(Campbell, J.); *Green v. Thompson, et al.*, No. 3:04-00896 (M.D. Tenn. Oct. 4, 2004)(Haynes, J.); *Green v. Hill, et al.*, No. 3:04-00181 (M.D. Tenn. Apr. 27, 2004)(Haynes, J.); *Green v. Sexton, et al.*, No. 3:97-00942 (M.D. Tenn. Oct. 21, 1998)(Echols, J.); *Green v. Torrence, et al.*, No. 3:92-00126 (M.D. Tenn. Oct. 27, 1992)(Higgins, J.); *Green v. Rooker, et al.*, No. 3:91-00814 (M.D. Tenn. Nov. 13, 1991)(Higgins, J.); *Green v. Commissioners, et al.*, No. 3:91-00813 (M.D. Tenn. Nov. 13, 1991)(Higgins, J.); *Green v. Metro Policeman, et al.*, No. 3:91-00812 (M.D. Tenn. Nov. 13, 1991)(Higgins, J.); *Green v. Lynn, et al.*, No. 3:91-00716 (M.D. Tenn. Sep. 6, 1991)(Wiseman, J.); *Green v. Hillin, et al.*, No. 3:91-00515 (M.D. Tenn. Jan. 3, 1992)(Higgins, J.). In addition to the foregoing civil actions, the plaintiff also twice sought federal *habeas corpus* relief in this district. *Green v. State of Tennessee*, No. 3:06-00845 (M.D. Tenn. May 7, 2007)(Trauger, J.); *Green v. Johnson*, No. 3:92-00406 (M.D. Tenn. May 7, 1992))(Higgins, J.).

2

28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

### A. Plaintiff's Title VI Claim

The plaintiff specifies that he seeks relief under Title VI. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

The plaintiff does not allege, nor can it be liberally construed from the complaint and other documents attached thereto, that the defendants' alleged actions were based on his race, color, or national origin. The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990).

The plaintiff's Title VI claim lacks an arguable basis in law or fact. Therefore, it should be dismissed as frivolous.

### B. Plaintiff's Title VII Claim

The plaintiff specifies that he seeks relief under Title VII. Title VII prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment because of . . . race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

The plaintiff does not allege, nor can it be liberally construed from the complaint and accompanying documents, that an employer-employee relationship existed between the plaintiff and the defendants. Neither does the plaintiff allege, nor can it be liberally construed from the complaint and accompanying documents, that the defendants declined to employ him for discriminatory

3

reasons, or otherwise.

In addition to the foregoing, "for federal courts to have subject matter jurisdiction of Title VII claims, the claimant must first . . . pursue administrative relief." *Ang v. Procter & Gamble, Co.*, 932 F.2d 540, 544-45 (citing *Love v. Pullman Co.*, 404 U.S. 522, 523 (1972)). Title VII plaintiffs are limited to the allegations in the charge of discrimination that they file with the U.S. Equal Employment Opportunity Commission (EEOC), and any claims reasonably expected to grow out of those allegations. *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992). The plaintiff does not allege, nor can it be liberally construed from the complaint and accompanying documents, that he has exhausted whatever Title VII claims he may have.

As explained above, the plaintiff's Title VII claim lacks an arguable basis in law or fact. Therefore, it should be dismissed as frivolous.

### C. Plaintiff's Claims Under Title 42 of the United States Code

The plaintiff alleges that he brings this action under "42 U.S.C and [his] rights under the 1st 5th and 14th Amend[ments]." (Docket Entry No. 1, ¶ 1, p. 1) From this, and the nature of the complaint, the undersigned liberally construes the plaintiff's claims under Title 42 to arise under Chapter 21, *i.e.*, the civil rights chapter. Although the plaintiff does not specify under which sections in Chapter 21 he seeks relief, only the following are possibly relevant: §§ 1981, 1983, 1985.

### 1. Plaintiff's Claim Under § 1981

Title 42 U.S.C. § 1981 prohibits racial discrimination in the making, performance, modification, and termination of employment contracts. *Id*. at § (b). The plaintiff does not allege that the defendants deprived him of his right to enforce contracts, to sue, to be a party to a law suit,

4

or to give evidence. Nor, as previously established, does the plaintiff allege that the defendants' actions were motivated by considerations of race.

The plaintiff's claim under § 1981 lacks an arguable basis in law or fact. Consequently, this claim should be dismissed as frivolous.

## 2. Plaintiff's Claims Under § 1983

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### a. Plaintiff's § 1983 Claims Against Commissioner Lodge, Commissioner Neely, Commissioner Givens, and the Tennessee Department of Agriculture

Apart from naming the above-named individuals/entity as defendants, the plaintiff does not mention them anywhere else in his complaint or accompanying documents. In failing to allege what – if anything – the above-named defendants did to violate his rights, the plaintiff has failed to satisfy the first part of the two-part test under *Parratt*, *supra*.

Assuming for the sake of argument that the plaintiff's legal theory is that the above-named defendants are liable to him for the acts and/or omissions of those in their charge, the law is settled that actions brought against state actors cannot be maintained on a theory of *respondeat superior, see e.g., Monell v. Dept. of Social Serv's of The City of New York, et al.*, 436 U.S. 658, 659, 691-95

5

(1978); *Taylor v. Michigan Dep't of Corrections*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), unless the defendants were personally involved in the alleged violations of the plaintiff's constitutional rights, *see e.g., Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). For vicarious liability to attach here, the above-named defendants must have "encouraged . . . directly participated . . . authorized, approved, or knowingly acquiesced . . . ." in the violations alleged. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The plaintiff does not allege that the above-named defendants were directly responsible for the actions taken against him, or that they encouraged, directly participated in, authorized, approved, or knowingly acquiesced in the conduct of those in their charge that gave rise to this complaint. Neither does the plaintiff allege that these defendants, or those in their charge, acted pursuant to any <u>state policy</u> or custom that violated his constitutional rights. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 122 (1992); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). Accordingly, the above-named defendants are not liable to the plaintiff under the doctrine of *respondeat superior*.

As reasoned above, the plaintiff's claims against the above-named defendants lack an arguable basis in law or fact. Accordingly, these claims should be dismissed as frivolous.

### b. Plaintiff's § 1983 Claims Against the "*et al.*" Defendants

The plaintiff brings this action against an unspecified number of unnamed and unidentified defendants designated "et[] al." defendants. (Docket Entry No. 1, ¶ 3, p. 2)

Although designation of "John Doe" defendants – in this case "et[] al." defendants – is not favored in federal courts, it is permissible to do so when the identity of the alleged defendants is not

6

known at the time the complaint is filed, but could be determined through discovery. *Brendt v. Tennessee*, 796 F.2d 879, 882-84 (6th Cir. 1986). Assuming for the sake of argument that the plaintiff would be able to identify the "et[] al." defendants during discovery, and assuming that the "et[] al." defendants were state actors for purposes of § 1983, the plaintiff has not provided any factual allegations against them in his complaint or accompanying documents. In failing to allege and show that the "et[] al." defendants violated his rights, the plaintiff once again fails to satisfy the first part of the two-part test under *Parratt*, *surpa* at p. 5.

The plaintiff's claim against the "e[] al." defendants lacks an arguable basis in law or fact. Accordingly, that claim should be dismissed as frivolous.

### c. Plaintiff's Claim Under § 1983 Against the U.S. Department Agriculture, Food and Nutrition Services

The plaintiff asserts that the alleged actions of TDHS and TDLWD are "possibly at the direction, or instruction of the . . . FNS of the U.S. Dept. of Agriculture and U.S. Department of Labor . . . ." (Docket Entry No. 1, ¶ 4, p. 2 cont.)

As a federal entity, FNS not subject to suit under § 1983. To state a viable claim against federal actors such as FNS, the plaintiff must allege and show that he was deprived of a right secured by the federal constitution or laws of the United States by a person or entity acting under color of federal law. *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390-97 (1971); *Yeager v. Gen. Motors Corp.*, 265 F.3d 389, 398 (6th Cir.2001), *cert. denied*, 535 U.S. 928 (2002).

Where, as here, a plaintiff improperly files a claim against a federal actor under 42 U.S.C. § 1983, the district court is not required to convert the § 1983 action to a *Bivens* action. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). However, for the sake of completeness, the undersigned will address the plaintiff's claim against FNS under *Bivens*. Analysis under *Bivens* is

7

the same as under § 1983. *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001)(collecting cases in support of the proposition).

The plaintiff's speculation that FNS "possibly" is involved in the alleged actions of TDHS and TDLWD is insufficient to entitle plaintiff to relief under § 1983. Just as mere speculation does not entitle a plaintiff to relief under § 1983, *see Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987), mere speculation will not entitle the plaintiff to relief under *Bivens*.

In addition to the foregoing, the plaintiff has failed to provide any factual allegations regarding the plaintiff's legal theory as to FNS.[2] Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells*, 891 F.2d at 594. More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id*. Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). As previously noted, *supra* at p. 3, the less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Because the plaintiff fails to support his claim against FNS with any factual allegations, his claim is conclusory and, as such, subject to *sua sponte* dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

---

[2] The inference that the actions of FNS may somehow be linked to the U.S. Departments of Agriculture (USDA) and Labor (USDOL) is not only speculative in itself, absent any factual allegations against USDA and USDOL that inference does nothing to flesh out the plaintiff's claim against FNS.

For the reasons explained above, the plaintiff's claim against FNS lacks an arguable basis in law or fact. Accordingly, this claim should be dismissed as frivolous.

### d. Plaintiff's Claim Under § 1983 Against the Tennessee Department of Human Services and the Tennessee Department for Labor & Workforce Development[3]

The plaintiff alleges that TDHS, "in concert with" TDLWD, have denied him food coupons and educational/vocational benefits. (Docket Entry No. 1, ¶ 4, p. 2 cont.; No. 3, pp. 1-2) According to the plaintiff, he has been denied those benefits because he would not participate in the "Victory Program," a work-program administered by the TDLWD. (Docket Entry No. 1, ¶ 4, p. 2 cont.; No. 3, p. 1) The plaintiff asserts that TDHS has known for a "protracted" period that he cannot participate in the "Victory Program." (Docket Entry No. 1, ¶ 4, p. 2 cont.) The plaintiff asserts further that harassment by TDHS and TDLWD is ongoing, and that their harassment amounts to discriminatory/disparaging treatment. (Docket Entry No. 3, pp. 1-2) Finally, the plaintiff claims that, had he received the benefits to which he claims to be entitled, he would not have been evicted from low-rent housing.[4] (Docket Entry No. 3, p. 2)

#### (1) Plaintiff's Claim Under § 1983 Against the Tennessee Department of Human Services

The plaintiff alleges that TDHS has twice denied him food coupons. The petitioner has not, however, provided any factual allegations that would support the conclusion that TDHS actions were the result of a knowing intent to deprive him of his rights. The plaintiff's frequent use of emotive

---

[3] As departments within the Executive Branch of the government of the State of Tennessee, both TDHS and TDLWD are amenable to suit under § 1983.

[4] Although the plaintiff refers to this event in this action, this particular issue is not before the Court because: 1) the Metro-Davidson County Housing Authority is not named as a defendant to this action; and 2) the plaintiff has brought a separate action pertaining to his eviction, *Green v. Metro Government, et al.*, No. 3:08mc00007 (M.D. Tenn. (pending))(Haynes, J.).

9

terms and phrases does not suffice for factual allegations. For the reasons previously explained, *supra* at pp. 8-9, this claim is conclusory.

In addition to being conclusory, the plaintiff has provided no factual allegations from which it might be inferred that TDHS knowingly or intentionally withheld information from TDLWD as opposed to having failed to provide the information due to negligence or mistake. To be entitled to relief under § 1983, the plaintiff must establish that the defendant acted knowingly or intentionally to violate his rights; mere negligence, recklessness, or mistakes are insufficient. *Daniels*, 474 U.S. at 333-36; *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993).

Finally, the Court notes that the plaintiff appears to lay the blame for being denied food coupons on a "har[]assingly-oriented" "screening interview" conducted by Monica McKissock, a TDHS employee who is not named as a defendant to this action. (Docket Entry No. 3, p. 1) To the extent that the plaintiff attempts to impute liability to TDHS for the alleged actions of McKissock, TDHS is not liable under the doctrine of *respondeat superior* for her actions for reasons previously explained, *supra* at pp. 5-6.

For the reasons explained above, the plaintiff's claim against TDHS lacks an arguable basis in law or fact. Accordingly, it should be dismissed as frivolous.

### (2) Plaintiff's Claim Under § 1983 Against the Tennessee Department of Labor & Workforce Development

The plaintiff alleges that TDLWD denied him his educational/vocational training benefits. (Docket Entry No. 1, ¶ 4, p. 2 cont.) According to the plaintiff, he was advised initially that TDLWD did not operate the program in which he sought to participate, but was told later that "they now have" the program, but there are "no funds to help [him]." (Docket Entry No. 3, p. 2) Finally,

10

the plaintiff also claims that TDLWD "refuses" to help him enroll in "another federally-financed program." (Docket Entry No. 3, pp. 1-2)

The first part of the plaintiff's claim against TDLWD is linked to the information that he allegedly was provided by TDLWD that it did not have the specific program in which he was interested, only to be advised later that the program existed, but that there were no funds available for him to participate. Apart from the foregoing, the plaintiff provides no factual allegations to support a claim under § 1983 against TDLWD. In other words, the plaintiff's claim is, once again, merely a naked allegation.

As previously established, to be entitled relief under § 1983, the plaintiff must allege and show that TDLWD acted with the intent to deprive him of his educational/vocational benefits. The plaintiff does not allege, nor can it be liberally construed from the complaint, that TDLWD intentionally misled the plaintiff about the availability of the program at issue, or that TDLWD lied to him about the availability of funding. Thus, not only is the first part of this claim conclusory, as previously discussed *supra* at pp. 8-9, the plaintiff fails to establish that TDLWD acted knowingly or intentionally, rather than negligently or mistakenly as previously discussed, *supra* at p. 10.

As to the second part of this claim, *i.e.*, that TDLWD "refuses" to help him enroll in "another federally-financed program," here too, beyond this naked allegation, the plaintiff has failed to provide any factual allegations in support of his claim. Thus, for the reasons previously explained, *supra* at pp. 8-9, this part of the plaintiff's claim is, once again, conclusory.

As reasoned above, the plaintiff's claim against TDLWD lacks an arguable basis in law or fact. Accordingly, it should be dismissed as frivolous.

### (3) Plaintiff's § 1983 Retaliation Claim

The plaintiff asserts that the alleged actions of TDHS and TDLWD are retaliatory in nature. (Docket Entry No. 1, ¶ 4, p. 2 cont.) More particularly, the plaintiff asserts that he did not have any problems until after he "submitt[ed] several recent complaints [about] both programs to their . . . responsible departments . . . ."[5] (Docket Entry No. 1, ¶ 4, p. 2 cont.)

To establish a *prima facie case* of retaliation under 42 U.S.C. § 1983, the plaintiff must show that: 1) he was engaged in a constitutionally protected activity; 2) he was subjected to adverse action or deprived of some benefit; and 3) the protected action was a substantial or motivating factor in the adverse action. *See e.g., Farhat v. Jopke*, 370 F.3d 580, 588 (6th Cir. 2004)(citing *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir.2003)).

The undersigned assumes for the sake of discussion that the plaintiff's complaints to FNS amounted to a constitutionally protected activity, thereby establishing the first element of a *prima facie* case of retaliation. The undersigned also assumes that, because the petitioner appears to have been denied certain benefits, the second element is satisfied as well. The only question remaining is whether there is a causal link between the complaints that the plaintiff filed and the alleged actions of TDHS and TDLWD.

The third element required to establish a *prima facie* case of retaliation under § 1983 requires that the plaintiff establish a causal connection between the first two elements. Specifically, the plaintiff must show a cause-and-effect relationship, *i.e.* that the that plaintiff's complaints resulted in the alleged actions of TDHS and TDLWD.

In his complaint, the plaintiff describes both TDHS and TDLWD as having for "to[o] long

---

[5] The plaintiff does not explain, nor can it be inferred from the complaint and accompanying documents, how he communicated his complaints to FNS.

engaged in a campaign/scheme; or exercise" to deny his benefits. (Docket Entry No. 1, ¶ 4, p. 2 cont.) In the affidavit that he submitted with the complaint, the plaintiff describes these actions as "ongoing," "protracted," and "continued." (Docket Entry No. 3, pp. 1-2) On the other hand, the plaintiff describes his complaints to FNS as "recent." (Docket Entry No. 1, ¶ 4, p. 2 cont.) In his affidavit, the plaintiff asserts that his complaints "made matters worse." (Docket Entry No. 3, pp. 1-2)

It is apparent from the foregoing that the plaintiff's alleged problems with TDHS and TDLWD predated his complaints to FNS. At the most, the plaintiff's complaints merely perpetuated an existing pattern of the conduct alleged. Because the alleged conduct of TDHS and TDLWD predated the plaintiff's complaints, the plaintiff cannot establish the required causal connection between his complaints and the alleged acts and/or omissions that gave rise to this action.

As explained above, the plaintiff has failed to establish a *prima facie* case of retaliation under against TDHS and TDLWD. Accordingly, the plaintiff's retaliation claim under § 1983 should be dismissed for failure to state a claim on which relief may be granted.

### (4) Plaintiff's § 1983 Equal Protection Claim

The plaintiff asserts that "no one else is subjected to" the treatment that he allegedly has been subjected to by TDHS and TDLWD. (Docket Entry No. 3, p. 2) From this, the undersigned liberally construes the plaintiff to allege that his right to equal protection under the law has been/is being violated.

The purpose of the equal protection component of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment is to ensure that "that all persons similarly situated [are] treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). However,

13

apart from his naked allegation that he is being treated differently than others, he has, once again, failed to provide any supporting factual allegations. For the reasons previously explained, *supra* at pp. 8-9, the plaintiff's equal protection claim is conclusory and, as such, it should be dismissed for failure to state a claim on which relief may be granted.

### 3. Plaintiff's Claims Under § 1985

Title 42 U.S.C. § 1985 consists of three parts. Section 1985(1) pertains to conspiracies to prevent or impede federal officials from performing their lawful duties. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO, et al. v. Scott*, 463 U.S. 825, 839 n. 1 (1983). The plaintiff does not allege, nor can it be liberally construed from the complaint and accompanying documents, that there was a conspiracy to prevent federal officials from performing their lawful duties by "force, intimidation, or threat." Consequently, § 1985(1) is inapplicable.

Section 1985(2) has two parts, the first of which pertains to conspiracies to obstruct justice in federal courts. *See Kush v. Rutledge*, 460 U.S. 719, 721 n. 1, 725 (1983); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). The second part of § 1985(2) pertains to conspiracies to obstruct justice in state courts. *See Bragg v. Madison*, No. 00-3237, 2001 WestLaw, 1041764, at * 6 (6th Cir. (Ohio))(citing *Kush*, 460 U.S. at 725). The plaintiff's claims do not pertain to a conspiracy to deprive him of his right in either federal or state court. Therefore, § 1981(2) also is inapplicable.

Finally, § 1985(3) pertains to conspiracies aimed at interfering with rights that are protected against private as well as official encroachment, *Carpenters*, 463 U.S. at 833, based on some racial, or otherwise class-based, invidiously discriminatory animus, *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). As previously established the plaintiff does not allege any racial or class-based

14

invidious discriminatory animus.[6] Accordingly, § 1985(3) is inapplicable as well.

For the reasons stated above, to the extent that the plaintiff seeks relief under § 1981, his claims should be dismissed for failure to state a claim on which relief may be granted.

### III. RECOMMENDATION

For the reasons explained above, the undersigned **RECOMMENDS** that this action be dismissed for frivolity and for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). The undersigned further **RECOMMENDS** that any appeal be certified as **NOT** taken in good faith under 28 U.S.C. § 1915(a)(3).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from the date of service of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have ten (10) days from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this the 8th day of April, 2008.

 *s/ John S. Bryant*
 John S. Bryant
 Magistrate Judge

---

[6] The plaintiff uses the phrase "invidious-discriminatory/disparate-impact, and malicious practices" and "discriminatory (invidious)/disparaging treatment." (Docket Entry No. 1, ¶ 4, p. 2 cont.; No. 3, p. 2) However, apart from using the terminology, he provides no factual allegations to establish that such was the case.